UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04 10299 RGS

MAGISTRATE JUDGE Alexander

NEW ENGLAND WATERPROOFING, INC.,
a Massachusetts corporation, doing business
under the trademark "Crack-X,"

    Plaintiff

v.

DAVID DALESSANDRI,

    Defendant

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 2-12-04

## COMPLAINT

1.    This complaint is brought by New England Waterproofing, Inc. against David Dalessandri ("Dalessandri") to vindicate rights, obtain injunctive relief and damages arising out of the defendant's infringement of plaintiff's registered United States trademark in violation of Chapter 32(1) of the Lanham Act, 15 U.S.C. §1114(1), trademark dilution in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), breach of contract, conversion of assets and unjust enrichment, breach of implied covenant of good faith and fair dealing, unauthorized use of trademark, misrepresentation, misappropriation of trade secrets in violation of Mass. Gen. Laws, Chapter 93, §42, trademark dilution in violation of Mass. Gen. Laws, c. 110B, §12, intentional interference with prospective business relationships, and unfair and deceptive acts and practices in violation of Mass. Gen. Laws, Chapter 93A, all causing substantial damage to the plaintiff, including loss of investments and business income.

1

## PARTIES

2.  The plaintiff, New England Waterproofing, Inc. ("NEWI"), is a corporation duly organized and validly existing under the laws of the Commonwealth of Massachusetts with a principal place of business in the Town of Natick, County of Middlesex, Commonwealth of Massachusetts. NEWI has extensive experience, and has developed special skills, proprietary methods, techniques, know-how, and materials, and a market identity, selling, promoting, marketing and operating concrete welding and waterproofing businesses under the name and trademark "Crack-X" and several variants thereof.

3.  The defendant, David Dalessandri, is an individual, who, upon information and belief, resides at 7 Susan Road, Cape Elizabeth, County of Cumberland, Maine 04107.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 (federal question) and 1338 (trademark and unfair competition), and the doctrines of pendant and ancillary jurisdiction.

5.  Venue is appropriate in this Court pursuant to 28 U.S.C. §1391.

## FACTS

6.  NEWI is a small family-owned business. It grew out of a successful remodeling business, Poxy-Crete of New England, Inc., which serviced builders, contractors, and homeowners. Increasingly, more homeowners expressed a strident interest in Poxy-Crete's foundation crack repair process. To answer that need, the process now known as "Crack-X" was developed by NEWI, and that name was

trademarked in 1994. More recently, Poxy-Crete of New England, Inc. changed its name to New England Waterproofing, Inc. to better reflect its menu of services. NEWI offers its services to customers directly and through subcontractors that NEWI has trained in its proprietary methods.

7.      NEWI and Dalessandri entered into a "Crack-X" Sub-Contractor Agreement ("Agreement") on February 14, 2002 (copy attached as Exhibit A). This Agreement contemplated, among other things, that NEWI would provide training to Dalessandri and disclose to him certain trade secrets, technical expertise and methods of doing business, all of which constitute confidential business information of NEWI. NEWI also permitted Dalessandri to use the "Crack-X" logo and name, but only under the terms of the Agreement. Dalessandri agreed to pay a 40% royalty to NEWI on a monthly basis for all work performed. He also agreed to file monthly reports, provide NEWI with full access to his books and business records, and participate in marketing and sales efforts. In exchange for the disclosure of the Crack-X trade secrets, Dalessandri agreed to remain a sub-contractor with NEWI for at least two years, and he provided a $10,000 security fee to NEWI as evidence of his good faith.

8.      After signing the Subcontractor Agreement, Dalessandri commenced doing business under the name "Seacoast Crack-X". Between February 2002 and August 2003, NEWI provided Dalessandri on-the-job training, numerous in-office consultations pertaining to sales, marketing, and networking strategy and jump-starts, and additional training in the "Crack-X" equipment and technology. His business received the benefit of over $50,000.00 worth of advertising in newspapers, trade publications, television, radio, Yellow Pages, and on the internet. In addition,

Dalessandri was welcomed into the "Crack-X" circle consisting of family and friends of the owner and the "Crack-X" employees.

9. During the 2002 through 2003 season, Dalessandri's Seacoast Crack-X was a profitable business. This was due in large part to the considerable advertising support given to the business by NEWI, as well as several "gift" jobs given to Dalessandri by NEWI. A "gift" job is one that had been sold by NEWI but given to a subcontractor, such as Dalessandri, as a favor and show of support.

10. Despite NEWI's support and the fact that Dalessandri was profitable, on several occasions between February 2002 and August 2003, Dalessandri performed "Crack-X" work that he did not report to NEWI, and for which he failed to pay the royalties that were due to the Company under the agreement.

11. On several occasions between February 2002 and August 2003, Dalessandri, under the "Seacoast Crack-X" name, performed other types of work, not on the "Crack-X" menu of services, and not authorized to be performed under the Crack-X name. Dalessandri's work on such "off-menu" services did not meet the Crack-X standards of reliability and quality. Dalessandri also failed on at least one occasion to report the unauthorized work to NEWI despite the fact that he represented the unauthorized work was warranted by NEWI. NEWI is informed and believes that Dalessandri received payments for work performed under the Crack-X name, but has not paid or reported the royalties to NEWI.

12. While working as NEWI's sub-contractor, Dalessandri also demonstrated an unprofessional, poor attitude towards customers, NEWI staff, and other NEWI sub-contractors resulting in several complaints from customers and a sub-contractor.

13. On or about August 18, 2003, Dalessandri terminated the Agreement, even though he had not performed services for the agreed time, thus depriving NEWI of its bargained for profit.

14. Subsequent to his terminating the Agreement, Dalessandri defaced the "Crack-X" logo that was affixed to his truck by removing the "X" from the signage, but leaving a clear image of the outline of the logo on his vehicle, clearly implying an affiliation with the "Crack-X" name and mark. Dalessandri also abused the mark by distributing unapproved flyers and t-shirts, and he misappropriated NEWI's business by use of the "Crack-X" name.

15. After terminating his Agreement with NEWI, Dalessandri continued performing "Crack-X" work under the name "Concrete Solutions". Dalessandri continued to accept calls from the Yellow Pages ads run under the "Seacoast Crack-X" name, and continued to answer his business telephone with references to "Seacoast Crack-X", or other words that indicated his business was still affiliated with "Crack-X". He misappropriated those leads in order to conduct his own foundation welding and basement waterproofing business, in violation of the terms of the Agreement.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

16. Each of the preceding allegations are realleged and incorporated herein by reference.

17. "Crack-X" is a registered United States trademark for NEWI's business services.

18. Defendant Dalessandri is using a colorable imitation of the "Crack-X" mark in connection with the sale, distribution, and/or advertising of his services in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

19. Dalessandri's above-mentioned use of the "Crack-X" mark likely causes confusion, mistake or deception of the public. Any dissatisfaction with the defendant's services may falsely be attributed to NEWI causing substantial damage to NEWI's valuable reputation and good will.

20. The defendant's infringement of the "Crack-X" mark has been willful and in conscious disregard of NEWI's rights.

## COUNT II – VIOLATION OF SECTION 43(A) OF THE LANHAM ACT

21. Each of the preceding allegations are realleged and incorporated herein by reference.

22. Registered under Federal law, "Crack-X" is a valid and inherently distinctive trademark that the public widely recognizes and has come to know as the goods and services with which the mark is used.

23. Dalessandri is using words, names, symbols, and other things, and false and misleading descriptions and representations of fact to blur the connection between his business and "Crack-X" and/or to deceive as to the sponsorship of his business by NEWI in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

24. Dalessandri has willfully conducted business on the "Crack-X" reputation for which the defendant is liable for attorney's fees, monetary and treble damages.

## COUNT III – BREACH OF CONTRACT

25. Each of the preceding allegations are realleged and incorporated herein by reference.

26. NEWI and Dalessandri entered into the Agreement, and NEWI fully performed its obligations thereunder. NEWI provided the training and technical expertise so that the defendant could operate the "Crack-X" service under the terms of the Agreement.

27. The defendant agreed to observe and perform all terms, covenants, conditions and provisions contained in the Agreement. The defendant intentionally and willfully failed and refused to honor his agreement, and committed a breach and violation of his contract, by, among other things failing and refusing to pay and provide or ensure payment and provision to NEWI of royalties, periodic reporting, minimum marketing sales effort, customer service and follow-up, operation of the sub-contract according to the system and with NEWI standards, and by misusing the "Crack-X" name and trademark after termination of the Agreement.

28. NEWI has been harmed and damaged by the defendant's breach and violation of his contract. There is currently due and owing to NEWI from the defendant a yet to be determined amount of past due royalties, a yet to be determined amount for unauthorized work performed under the "Crack-X" name, plus interest as provided in the agreement.

## COUNT IV – CONVERSION AND UNJUST ENRICHMENT

29. Each of the preceding allegations are realleged and incorporated herein by reference.

30. Dalessandri unlawfully converted money and assets, rightfully owed to NEWI for his own personal gain with the intent of permanently depriving NEWI of its money and assets.

31. As a result of the acts complained of herein, the defendant has been unjustly enriched. The defendant is required to account for and disgorge all monies and assets wrongfully received by him.

## COUNT V – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

32. Each of the preceding allegations are realleged and incorporated herein by reference.

33. By entering into the Agreement, Dalessandri agreed to perform his obligations under the contract in good faith. By intentionally and willfully failing and refusing to perform his agreement and deliberately acting contrary to NEWI's interests, the defendant broke and violated his obligation of good faith and fair dealing.

34. NEWI has been harmed and damaged by defendant's failure and refusal to honor his obligation of good faith and fair dealing.

## COUNT VI – UNAUTHORIZED USE OF TRADEMARK AND SYSTEM

35. Each of the preceding allegations are realleged and incorporated herein by reference.

36. The name and trademark "Crack-X" is the sole property of NEWI and the public has come to know that mark and name as identifying the plaintiff as the source of the high quality services provided.

37. Although the defendant Dalessandri agreed to use the name and trademark, and the "Crack-X" system only under the terms of the Agreement, he has

solicited and poached business, serviced customers and unlawfully profited from the unauthorized use of the "Crack-X" name and system without permission of NEWI, causing confusion, mistake and deception of the relevant public as to whether the defendant's services are associated with or sponsored by the plaintiff.

38. The defendant's conduct, complained of above, has caused the plaintiff lost profits, damage and harm to the name and reputation of NEWI, and has diminished the value and good will of the trademark.

## COUNT VII – MISREPRESENTATION

39. Each of the preceding allegations are realleged and incorporated herein by reference.

40. Dalessandri fraudulently induced NEWI to enter into the Agreement, and to train the defendant in the "Crack-X" system and methods of doing business, while at the same time never intending to perform his obligations under the Agreement and plotting, conspiring and taking steps to deprive the plaintiff of the benefits of its efforts and agreements.

41. NEWI reasonably relied upon the representations and apparent honesty of the defendant in entering into the Agreement and providing the territory and training, and by disclosing the Crack-X trade secrets, know-how and methods of doing business.

42. NEWI has been damaged by the defendant's false and fraudulent conduct and misrepresentations.

## COUNT VIII – MISAPPROPRIATION OF TRADE SECRETS

43. Each of the preceding allegations are realleged and incorporated herein by reference.

9

44. NEWI, for its own use, invented, discovered and compiled secret, confidential, technical and proprietary information.

45. The defendant Dalessandri misappropriated and converted for his own use, secret, confidential, technical and proprietary information that has been developed by and for the benefit of NEWI, and took documents and things consisting of NEWI's trade secrets in violation of Mass. Gen. Laws, c. 93, §42 and the common law of the Commonwealth of Massachusetts.

46. As a result of the defendant's misappropriation of the NEWI's trade secrets and tangible things containing such secrets, NEWI has suffered injury and damages for which the defendant is liable for up to double the actual damage pursuant to Mass. Gen. Laws, c. 93, §42.

## COUNT IX – STATE TRADEMARK DILUTION

47. Each of the preceding allegations are realleged and incorporated herein by reference.

48. "Crack-X" is a valid and distinctive trademark under Massachusetts law.

49. Defendant Dalessandri, in conducting his foundation repair and waterproofing business, caused a likelihood of injury to NEWI's business reputation, and a likelihood of dilution to the distinctive quality of the NEWI's trademark in violation of Mass. Gen. Laws, c. 110B, §12.

50. As a result, NEWI is entitled to injunctive relief that will prohibit the defendant from the actions described above.

## COUNT X – INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS

51. Each of the preceding allegations are realleged and incorporated herein by reference.

52. With the intent of enriching himself at NEWI's expense, Defendant Dalessandri interfered with NEWI's prospective business relationships obtained through advertisements under the "Crack-X" brand name.

53. Through improper means and/or improper motive, the defendant's conduct caused NEWI lost revenue that cannot be accurately estimated at this time.

## COUNT XI – UNFAIR AND DECEPTIVE ACTS IN VIOLATION OF M.G.L. c. 93A

54. Each of the preceding allegations are realleged and incorporated herein by reference.

55. The defendant's conduct and activities, as set forth above, constitute unfair and deceptive acts and practices in violation of Mass. Gen. Laws, c. 93A.

56. As a direct and proximate cause of the defendant's unfair and deceptive acts and practices, NEWI has suffered, and continues to suffer, substantial economic harm and damage.

WHEREFORE, New England Waterproofing, Inc. demands judgment against the defendant David Dalessandri and prays this Court to order the following relief:

A. That the defendant and his employees, agents, servants, attorneys and persons acting for, in concert with, or controlled by defendant be preliminarily and permanently enjoined (a) from directly or indirectly using, exploiting, advertising, displaying, soliciting business under, the name and trademark "Crack-X" and/or any similar or derivative name and mark or variation thereof; (b) from directly or indirectly using, exploiting, disclosing, disseminating, revealing or otherwise profiting from the

"Crack-X" system and methods of operation; and (c) from directly or indirectly engaging in the foundation welding and waterproofing business unless such business is done (i) utilizing the trademark "Crack-X," (ii) within the territory defined in the Agreement; and (iii) in accordance with the system and methods of doing business specified in the Agreement or approved in writing by New England Waterproofing, Inc.

B.  That the defendant, David Dalessandri, be ordered to immediately make available to the plaintiff, New England Waterproofing, Inc., and their attorneys, all books and records of the defendant for inspection and copying, including without limitation all proposals, invoices, warranties, certificates of insurance, payroll records, bank statements, records and receipts of payment, check stubs, federal and state income and sales tax returns, statements of gross sales; chemical and material use statements; monthly advertising reports; and financial statements and reports.

C.  That the defendant, David Dalessandri, be ordered pursuant to 15 U.S.C. §1118 to, at the New England Waterproofing, Inc.'s option, deliver up for destruction any and all materials that bear the mark "Crack-X," or any colorable version thereof, or destroy all such materials and certify their destruction to New England Waterproofing, Inc. in writing.

D.  That the defendant be ordered to pay damages to New England Waterproofing, Inc. in an amount to be determined by the Court, together with costs and prejudgment interest thereon at the rate provided by contract or by law and any and all profits of the defendant's arising out of the actions of the defendant complained of herein;

E.  That the defendant be ordered to pay treble, but not less than double, the actual damages to New England Waterproofing, Inc, in light of the willfulness of the defendant's actions;

F.  The award of costs and reasonable attorneys' fees incurred by New England Waterproofing, Inc; and

G.  The award of such other and further relief as this Court deems fair, just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Fed. R. Civ. P., the plaintiff, New England Waterproofing, Inc. demands trial by jury of all triable issues.

Steven T. Sager
BBO No. 548777
SAGER & SCHAFFER LLP
182 Turnpike Road, Suite 250
Westborough, MA 01581
(508) 898-9900

Attorneys for the Plaintiff,
New England Waterproofing, Inc.

Dated: February 11, 2004