UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10299-RGS

| | | |
|---|---|---|
| NEW ENGLAND WATERPROOFING, INC., | ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | **ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND JURY DEMAND** |
| DAVID DALESSANDRI, | ) ) ) | |
| Defendant | ) ) ) | |

NOW COMES the Defendant, David Dalessandri, by and through his attorneys, Richardson, Whitman, Large & Badger, and answers Plaintiff's Complaint as follows:

1. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

**PARTIES**

2. The Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

3. The Defendant admits the allegations contained in this Paragraph of the Plaintiff's Complaint.

**JURISDICTION AND VENUE**

4. The Defendant admits the allegations contained in this Paragraph of the Plaintiff's Complaint.

5. The Defendant admits the allegations contained in this Paragraph of the Plaintiff's Complaint.

**FACTS**

6. The Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this Paragraph of the

Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

7. Defendant admits that he entered into a contract with Plaintiff, but denies that this paragraph contains a full and accurate description of the terms of the contract between Plaintiff and Defendant. The remaining allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

8. Defendant admits that he formed a Maine limited liability company called "Seacoast Crack-X, LLC", and admits that said entity did business under the name "Seacoast Crack-X". Defendant admits that Plaintiff provided him with some training. The remaining allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

9. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

10. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

11. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

12. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

13. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

14. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

15. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

16. The Defendant repeats and reaffirms its responses to Paragraphs 1 through 15 of the Complaint, with the same force and effect as if more fully set forth herein.

17. The Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

18. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

19. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

20. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

WHEREFORE, the Defendant prays that Plaintiff's Complaint be dismissed with costs awarded to the Defendant and for such other and further relief as may be just and proper.

## COUNT II – VIOLATION OF LANHAM ACT

21. The Defendant repeats and reaffirms its responses to Paragraphs 1 through 20 of the Complaint, with the same force and effect as if more fully set forth herein.

22. The Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

23. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

24. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

WHEREFORE, the Defendant prays that Plaintiff's Complaint be dismissed with costs awarded to the Defendant and for such other and further relief as may be just and proper.

## COUNT III – BREACH OF CONTRACT

25. The Defendant repeats and reaffirms its responses to Paragraphs 1 through 24 of the Complaint, with the same force and effect as if more fully set forth herein.

26. The Defendant admits that a contract existed between Plaintiff and Defendant, but denies the remaining allegations contained in this Paragraph of the Plaintiff's Complaint.

27. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

28. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

WHEREFORE, the Defendant prays that Plaintiff's Complaint be dismissed with costs awarded to the Defendant and for such other and further relief as may be just and proper.

## COUNT IV – CONVERSION AND UNJUST ENRICHMENT

29. The Defendant repeats and reaffirms its responses to Paragraphs 1 through 28 of the Complaint, with the same force and effect as if more fully set forth herein.

30. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

31. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

WHEREFORE, the Defendant prays that Plaintiff's Complaint be dismissed with costs awarded to the Defendant and for such other and further relief as may be just and proper.

## COUNT V – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

32. The Defendant repeats and reaffirms its responses to Paragraphs 1 through 31 of the Complaint, with the same force and effect as if more fully set forth herein.

33. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

34. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

WHEREFORE, the Defendant prays that Plaintiff's Complaint be dismissed with costs awarded to the Defendant and for such other and further relief as may be just and proper.

## COUNT VI – UNAUTHORIZED USE OF TRADEMARK AND SYSTEM

35. The Defendant repeats and reaffirms its responses to Paragraphs 1 through 34 of the Complaint, with the same force and effect as if more fully set forth herein.

36. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

37. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

38. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

WHEREFORE, the Defendant prays that Plaintiff's Complaint be dismissed with costs awarded to the Defendant and for such other and further relief as may be just and proper.

## COUNT VII - MISREPRESENTATION

39. The Defendant repeats and reaffirms its responses to Paragraphs 1 through 38 of the Complaint, with the same force and effect as if more fully set forth herein.

40. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

41. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

42. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

WHEREFORE, the Defendant prays that Plaintiff's Complaint be dismissed with costs awarded to the Defendant and for such other and further relief as may be just and proper.

### COUNT VIII – MISAPPROPRIATION OF TRADE SECRETS

43. The Defendant repeats and reaffirms its responses to Paragraphs 1 through 42 of the Complaint, with the same force and effect as if more fully set forth herein.

44. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

45. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

46. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

WHEREFORE, the Defendant prays that Plaintiff's Complaint be dismissed with costs awarded to the Defendant and for such other and further relief as may be just and proper.

### COUNT IX – STATE TRADEMARK DILUTION

47. The Defendant repeats and reaffirms its responses to Paragraphs 1 through 46 of the Complaint, with the same force and effect as if more fully set forth herein.

48. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

49. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

50. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

WHEREFORE, the Defendant prays that Plaintiff's Complaint be dismissed with costs awarded to the Defendant and for such other and further relief as may be just and proper.

### COUNT X – INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS

51. The Defendant repeats and reaffirms its responses to Paragraphs 1 through 50 of the Complaint, with the same force and effect as if more fully set forth herein.

52. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

53. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

WHEREFORE, the Defendant prays that Plaintiff's Complaint be dismissed with costs awarded to the Defendant and for such other and further relief as may be just and proper.

## COUNT XI – UNFAIR AND DECEPTIVE ACTS IN VIOLATION OF M.G.L. C. 93A

54. The Defendant repeats and reaffirms its responses to Paragraphs 1 through 53 of the Complaint, with the same force and effect as if more fully set forth herein.

55. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

56. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

WHEREFORE, the Defendant prays that Plaintiff's Complaint be dismissed with costs awarded to the Defendant and for such other and further relief as may be just and proper.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant.

2. Plaintiffs' causes of action are barred by the doctrines of waiver and estoppel.

3. Plaintiff's claims are barred by the doctrine of "unclean hands".

4. Plaintiff's breach of contract claims are barred because Plaintiff failed to perform its obligations under its contract with Defendant.

5. Plaintiff's claim for breach of the covenant of good faith and fair dealing fails to state a claim upon which relief may be granted.

6. Plaintiff's claim for breach of the covenant of good faith and fair dealing is barred by Plaintiff's failure to perform its own obligations under such contract.

7. Plaintiff's claims for trademark infringement, Lanham Act violations, unauthorized use of trademark and system, misappropriation of trade secrets, and state trademark dilution claims are barred by the fact that Plaintiff gave Defendant express written permission and/or a license to use the "Crack-X" name and mark.

8. Plaintiff's claim for misappropriation of trade secrets is barred because the information which Defendant allegedly misappropriated was not secret, and is a matter of general knowledge in the concrete and concrete repair industry, and because Plaintiff failed to take any reasonable steps to preserve the secrecy of any such information.

9. Plaintiff's claims are barred by the fact that Defendant Dalessandri was never an employee of Plaintiff.

10. Defendant Dalessandri has no personal liability for the acts or omissions of Seacoast Crack-X, LLC.

## COUNTERCLAIMS

### COUNT I – BREACH OF CONTRACT

1. Counterclaim Plaintiff David Dalessandri ("Dalessandri") is an individual residing in Cape Elizabeth, Maine.

2. Counterclaim Defendant New England Waterproofing, Inc. ("NEWI") is a Massachusetts corporation with a principal place of business in Natick, Massachusetts.

3. Dalessandri and NEWI entered into a contract whereby NEWI was to provide training, technical support, advertising and other goods and services, in exchange for a percentage of the revenues derived by Dalessandri in the operation of a business performing concrete repairs.

4. Dalessandri has substantially performed his obligations under his contract with NEWI.

5. NEWI has failed and refused to perform its obligations under its contract with Dalessandri.

6. As the direct and proximate result of NEWI's breaches of its contract with Dalessandri, Dalessandri has sustained damages.

WHEREFORE, Counterclaim Plaintiff David Dalessandri demands judgment against NEWI ordering NEWI to pay damages to David Dalessandri in an amount to be determined by the Court, together with costs and pre-judgment interest thereon, and such other or further relief as the Court may deem just or appropriate.

## COUNT II – UNFAIR AND DECEPTIVE TRADE PRACTICES, IN VIOLATION OF M.G.L. CH. 93A

7. Counterclaim Plaintiff Dalessandri incorporates herein the allegations set forth in Paragraphs 1 through 6 above as if fully recited herein.

8. NEWI engaged in unfair and deceptive acts and practices, in violation of Mass.Gen.Laws, c. 93A, in the course of its business dealings with Dalessandri.

9. As the direct and proximate result of NEWI's unfair and deceptive acts and practices, Dalessandri has suffered substantial economic harm and damage.

WHEREFORE, Counterclaim Plaintiff David Dalessandri demands judgment against NEWI ordering NEWI to pay treble, but not less than double, the actual damages to David Dalessandri, in light of the willfulness of NEWI's actions, plus costs and attorney's fees, and such other or further relief as the Court may deem just or appropriate.

### JURY DEMAND

Defendant and Counterclaim Plaintiff David Dalessandri demands trial by jury of all issues so triable.

DATED at Portland, Maine this 16th day of April, 2004.

_____
Paul R. Johnson
BBO No. 546165
Attorney for David Dalessandri

RICHARDSON, WHITMAN, LARGE & BADGER
465 Congress Street
P. O. Box 9545
Portland, ME  04112-9545
(207) 774-7474

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent, via U.S. mail, postage prepaid, this 16th day of April, 2004, to:

Steven T. Sager, Esq.
Sager & Schaffer
182 Turnpike Road., Suite 250
Westborough, MA  01581

_____

# Richardson, Whitman, Large & Badger
A Professional Corporation
## Attorneys at Law
465 Congress Street
P. O. Box 9545
Portland, ME 04112-9545

Harrison L. Richardson
John S. Whitman
Wendell G. Large
Frederick J. Badger, Jr.*
Elizabeth G. Stouder
Barri L. Bloom
Frederick F. Costlow*
John B. Lucy*
Anne H. Cressey
Thomas R. McKeon
Carol I. Eisenberg
Paul R. Johnson**
Mary F. Kellogg*

*Resident in Bangor Office
** Also admitted in Mass.

Telephone (207) 774-7474
Facsimile (207) 774-1343
E-Mail *pjohnson@rwlb.com*

Bangor Office
One Merchants Plaza
P. O. Box 2429
Bangor, ME 04402-2429

Individual attorneys
are also admitted in
MA, NH, NY and VT

In Reply Refer To:

April 16, 2004

via FedEx, Monday delivery

Office of the Clerk
United States District Court
One Courthouse Way
Boston, MA 02210

Re: New England Waterproofing, Inc. v. Dalessandri
Docket no. 04-10299

Dear sir or madam:

Enclosed for filing on behalf of Defendant David Dalessandri is his Answer, Affirmative Defenses, Counterclaims, and Jury Demand. Please call me if you have any questions.

Sincerely,

Paul R. Johnson

PRJ
cc: Mr. David Dalessandri
Steven T. Sager, Esq.