UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10299-RGS

5/10/04
FILED
USDC

| | |
|---|---|
| NEW ENGLAND WATERPROOFING, INC., a Massachusetts corporation, doing business under the trademark "Crack-X," Plaintiff<br><br>v.<br><br>DAVID DALESSANDRI, Defendant | ) ) ) ) ) ) ) ) ) ) ) ) |

## REPLY TO COUNTERCLAIMS

The plaintiff, New England Waterproofing, Inc. ("NEWI"), answers defendant Dalessandri's counterclaims as follows:

1. Admitted.

2. Admitted.

3. NEWI admits that a contract existed between Dalessandri and NEWI but states that the contract speaks for itself and, therefore, any allegations inconsistent with the terms of such contract are denied.

4. Denied.

5. Denied.

6. Denied.

7. NEWI repeats and incorporates by reference the responses to the allegations contained in the preceding paragraphs.

8. Denied.

9. Denied.

## AFFIRMATIVE DEFENSES

1. Defendant Dalessandri's counterclaims fail to state a claim upon which relief may be granted.

2. Defendant Dalessandri is liable to NEWI for trademark infringement, trademark dilution, Lanham Act violations, breach of contract, breach of good faith and fair dealing, conversion, unjust enrichment, misrepresentation, misappropriation of trade secrets, intentional interference with prospective business relationships, and unfair and deceptive acts and practices, all as set forth more fully in the Complaint filed by NEWI against Dalessandri.

3. NEWI operates a foundation welding and waterproofing business under the federally registered trademark "Crack-X." NEWI licensed Dalessandri to use the Crack-X name, but only in connection with services authorized by NEWI. Dalessandri agreed to comply with the terms of a Subcontractor Agreement. Prior to entering into the Subcontractor Agreement, Dalessandri only had experience as a house painter, and had no experience with foundation welding and waterproofing. Pursuant to the Subcontractor Agreement, NEWI provided training and disclosed to Dalessandri certain trade secrets and methods of doing business that were unique to the Crack-X system of foundation repair. Dalessandri knew, understood and agreed that he would only use the trade secrets and methods of doing business only in connection with the Crack-X name. At great expense, NEWI promoted a telephone number associated with the Crack-X name to help boost Dalessandri's subcontract business, and provided Dalessandri him designs for the Crack-X trade dress, including without limitation the coloring and design for his truck. Instead of complying with the terms of the contract, Dalessandri secretly planned to steal the Crack-X trade secrets and methods of doing business, and almost immediately began

operating in breach of the agreement, including without limitation, failing to report services provided, failing to pay royalties for services provided, issuing Crack-X warranties without reporting the services; and secretly planning to set up a competing business while palming off the Crack-X name. After terminating his agreement with NEWI, Dalessandri defaced the Crack-X mark on his truck, but left the majority of the mark, including the telephone number, to clearly indicate an affiliation with Crack-X, and continued to solicit business by stating "formerly "Crack-X." By his actions, Dalessandri diluted the trade name and trade mark of NEWI and diminished the value of the Crack-X mark. Despite demands to stop using the trade mark and trade dress, Dalessandri continues to use the trade dress of Crack-X, and palm off the name and goodwill of NEWI.

4.  The obligations of NEWI, if any, were discharged, excused and released by the breach of the contract by Dalessandri.

5.  Dalessandri is barred from any relief due to its own inequitable conduct and by the doctrine of unclean hands.

6.  The counterclaims of Dalessandri are barred by waiver and/or estoppel.

7.  Dalessandri has not suffered any damages and/or has not suffered any damages as result of any act, omission or breach by NEWI.

8.  Dalessandri has failed to mitigate damages.

WHEREFORE, the plaintiff and defendant-in-counterclaim, New England Waterproofing, Inc., requests that the Counterclaims of David Dalessandri, be dismissed; that judgment be entered on behalf of NEWI; and that Dalessandri be ordered to pay the costs,

expenses and legal fees incurred in connection with this lawsuit; and that the Court order such other relief as may be just and proper.

**NEW ENGLAND WATERPROOFING, INC. DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE**

*[signature]*

Steven T. Sager
BBO No. 548777
SAGER & SCHAFFER LLP
182 Turnpike Road, Suite 250
Westborough, MA 01581
(508) 898-9900

Attorneys for the Plaintiff,
New England Waterproofing, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on May 6, 2004.

*[signature]*
Steven T. Sager

4