UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10299-RGS

NEW ENGLAND
WAVERPROOFING, INC.,

  Plaintiff

v.

DAVID DALESSANDRI and
CONCRETE PRESCRIPTIONS, LLC
  Defendant

**ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND JURY DEMAND**

  NOW COME the Defendants, by and through their attorneys, Richardson, Whitman, Large & Badger, and answer Plaintiff's Amended Complaint as follows:

  The allegations contained in the introductory paragraph of the Plaintiff's Amended Complaint are denied.

## PARTIES

1. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiff's Amended Complaint and therefore deny the same and demand strict proof thereof.

2. Defendants admits the allegations contained in this Paragraph of the Plaintiff's Amended Complaint.

3. Defendants admit that Concrete Prescriptions, LLC is a limited liability company with a principal place of business at 7 Susan Road, Cape Elizabeth, Maine and admit that David Dalessandri is the sole member of Concrete Prescriptions, LLC. Defendants deny that Concrete Prescriptions, LLC is "doing business as" "Concrete RX".

## JURISDICTION AND VENUE

4. Defendants admit the allegations contained in this Paragraph of the Plaintiff's Amended Complaint.

5. Defendants admit the allegations contained in this Paragraph of the Plaintiff's Amended Complaint.

## FACTS

6. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiff's Amended Complaint and therefore deny the same and demand strict proof thereof.

7. Defendants admit that Mr. Dalessandri entered into a contract with Plaintiff, but deny that this paragraph contains a full and accurate description of the terms of the contract between Plaintiff and Defendant. The remaining allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

8. Defendants admit that Mr. Dalessandri formed a Maine limited liability company called "Seacoast Crack-X, LLC", and admit that said entity did business under the name "Seacoast Crack-X". Defendants admit that Plaintiff provided Mr. Dalessandri with some training. The remaining allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

9. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

10. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

11. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

12. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

13. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

14. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

15. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

16. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

17. There is no paragraph 17 in the Amended Complaint.

18. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

19. Defendants repeat and reaffirm their responses to Paragraphs 1 through 18 of the Complaint, with the same force and effect as if more fully set forth herein.

20. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiff's Amended Complaint and therefore deny the same and demand strict proof thereof.

21. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

22. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

23. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

## COUNT II – VIOLATION OF LANHAM ACT

24. Defendants repeat and reaffirm theirresponses to Paragraphs 1 through 23 of the Amended Complaint, with the same force and effect as if more fully set forth herein.

25. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiff's Amended Complaint and therefore deny the same and demand strict proof thereof.

26. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

27. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

## COUNT III – BREACH OF CONTRACT

28. Defendants repeat and reaffirm their responses to Paragraphs 1 through 27 of the Amended Complaint, with the same force and effect as if more fully set forth herein.

29. Defendants admit that a contract existed between Plaintiff and Defendant Dalessandri, but deny the remaining allegations contained in this Paragraph of the Plaintiff's Amended Complaint.

30. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

31. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

## COUNT IV – CONVERSION AND UNJUST ENRICHMENT

32. Defendants repeat and reaffirm their responses to Paragraphs 1 through 31 of the Complaint, with the same force and effect as if more fully set forth herein.

33. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

34. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

## COUNT V – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

35. Defendants repeat and reaffirm their responses to Paragraphs 1 through 34 of the Complaint, with the same force and effect as if more fully set forth herein.

36. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

37. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

### COUNT VI – UNAUTHORIZED USE OF TRADEMARK AND SYSTEM

38. Defendants repeat and reaffirm their responses to Paragraphs 1 through 37 of the Complaint, with the same force and effect as if more fully set forth herein.

39. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

40. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

41. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

### COUNT VII - MISREPRESENTATION

42. Defendants repeats and reaffirms its responses to Paragraphs 1 through 41 of the Complaint, with the same force and effect as if more fully set forth herein.

43. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

44. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

45. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

### COUNT VIII – MISAPPROPRIATION OF TRADE SECRETS

46. Defendants repeat and reaffirm their responses to Paragraphs 1 through 45 of the Complaint, with the same force and effect as if more fully set forth herein.

47. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

48. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

49. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

50. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

### COUNT X – INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS

51. Defendants repeats and reaffirms its responses to Paragraphs 1 through 50 of the Complaint, with the same force and effect as if more fully set forth herein.

52. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

53. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

### COUNT XI – UNFAIR AND DECEPTIVE ACTS IN VIOLATION OF M.G.L. C. 93A

54. Defendants repeat and reaffirm their responses to Paragraphs 1 through 53 of the Complaint, with the same force and effect as if more fully set forth herein.

55. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

56. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants.

2. Plaintiffs' causes of action are barred by the doctrines of waiver and estoppel.

3. Plaintiff's claims are barred by the doctrine of "unclean hands".

4. Plaintiff's breach of contract claims are barred because Plaintiff failed to perform its obligations under its contract with Defendant Dalessandri.

5. Plaintiff's claim for breach of the covenant of good faith and fair dealing fails to state a claim upon which relief may be granted.

6. Plaintiff's claim for breach of the covenant of good faith and fair dealing is barred by Plaintiff's failure to perform its own obligations under such contract.

7. Plaintiff's claims for trademark infringement, Lanham Act violations, unauthorized use of trademark and system, misappropriation of trade secrets, and state trademark dilution claims are barred by the fact that Plaintiff gave Defendant Dalessandri express written permission and/or a license to use the "Crack-X" name and mark.

8. Plaintiff's claim for misappropriation of trade secrets is barred because the information which Defendants allegedly misappropriated was not secret, and is a matter of general knowledge in the concrete and concrete repair industry, and because Plaintiff failed to take any reasonable steps to preserve the secrecy of any such information.

9. Plaintiff's claims are barred by the fact that Defendant Dalessandri was never an employee of Plaintiff.

10. Neither Defendant is liable for the acts or omissions of Seacoast Crack-X, LLC.

## COUNTERCLAIMS

### COUNT I – BREACH OF CONTRACT

1. Counterclaim Plaintiff David Dalessandri ("Dalessandri") is an individual residing in Cape Elizabeth, Maine.

2. Counterclaim Defendant New England Waterproofing, Inc. ("NEWI") is a Massachusetts corporation with a principal place of business in Natick, Massachusetts.

3. Dalessandri and NEWI entered into a contract whereby NEWI was to provide training, technical support, advertising and other goods and services, in exchange for a percentage of the revenues derived by Dalessandri in the operation of a business performing concrete repairs.

4. Dalessandri has substantially performed his obligations under his contract with NEWI.

5. NEWI has failed and refused to perform its obligations under its contract with Dalessandri.

6. As the direct and proximate result of NEWI's breaches of its contract with Dalessandri, Dalessandri has sustained damages.

WHEREFORE, Counterclaim Plaintiff David Dalessandri demands judgment against NEWI ordering NEWI to pay damages to David Dalessandri in an amount to be determined by the Court, together with costs and pre-judgment interest thereon, and such other or further relief as the Court may deem just or appropriate.

### COUNT II – UNFAIR AND DECEPTIVE TRADE PRACTICES, IN VIOLATION OF M.G.L. CH. 93A

7. Counterclaim Plaintiff Dalessandri incorporates herein the allegations set forth in Paragraphs 1 through 6 above as if fully recited herein.

8. NEWI engaged in unfair and deceptive acts and practices, in violation of Mass.Gen.Laws, c. 93A, in the course of its business dealings with Dalessandri.

9. As the direct and proximate result of NEWI's unfair and deceptive acts and practices, Dalessandri has suffered substantial economic harm and damage.

WHEREFORE, Counterclaim Plaintiff David Dalessandri demands judgment against NEWI ordering NEWI to pay treble, but not less than double, the actual damages to David Dalessandri, in light of the willfulness of NEWI's actions, plus costs and attorney's fees, and such other or further relief as the Court may deem just or appropriate.

## JURY DEMAND

Defendants demand trial by jury of all issues so triable.

DATED at Portland, Maine this 7th day of September, 2004.

                                        /s/ Paul R. Johnson
                                        Paul R. Johnson
                                        BBO No. 546165
                                        Attorney for Defendants

RICHARDSON, WHITMAN, LARGE & BADGER
465 Congress Street
P. O. Box 9545
Portland, ME  04112-9545
(207) 774-7474

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent, via U.S. mail, postage prepaid, this 7th day of September, 2004, to:

        Steven T. Sager, Esq.
        Sager & Schaffer
        182 Turnpike Road., Suite 250
        Westborough, MA  01581

                                        /s/ Paul R. Johnson_