UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND WATERPROOFING, INC., <br><br> Plaintiff <br><br> v. <br><br> DAVID DALESSANDRI and CONCRETE PRESCRIPTIONS, LLC, <br><br> Defendants | CIVIL ACTION NO. <br> 04-10299-RGS |

DEFENDANTS' MOTION FOR ORDER MODIFYING SCHEDULING ORDER
AND GRANTING LEAVE TO FILE
AMENDED ANSWER AND COUNTERCLAIM

Defendants, David Dalessandri and Concrete Prescriptions, LLC, pursuant to Fed. R. Civ. P. 13(f), 15(a) and 16(b), hereby move that this Court enter an order modifying the Scheduling Order in this case and granting them leave to file an Amended Answer and Counterclaim. As grounds for this motion, and as more fully set forth in the accompanying *Memorandum in Support of Defendants' Motion for Order Modifying Scheduling Order and Granting Leave to File Amended Answer and Counterclaim* and *Affidavit of David Dalessandri in Support of Defendants' Motion for Order Modifying Scheduling Order and Granting Leave to File Amended Answer and Counterclaim*, Defendants state:

1. That they have a meritorious affirmative defense and meritorious counterclaims based on Plaintiff's violation of the Federal Trade Commission ("FTC") franchise regulations;

2.  That they only recently learned Plaintiff's conduct violated the FTC franchise regulations; and

3.  That the requested amendments will not unfairly prejudice the Plaintiff.

A copy of Defendants' proposed Amended Answer and Counterclaim is attached hereto as Exhibit "A."

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Defendants hereby request oral argument on the foregoing motion and state as grounds that oral argument may assist the Court and they wish to be heard.

## CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), the undersigned hereby certifies that he has conferred with opposing counsel and has attempted in good faith to resolve or narrow the issues raised by the foregoing motion.

DAVID DALESSANDRI and
CONCRETE PRESCRIPTIONS, LLC,
By their attorney,

/s/ Stanley W. Wheatley
Stanley W. Wheatley
BBO No. 544643
33 Enterprise Street
P.O. Box 1474
Duxbury, MA 02332
(781) 934-2750

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the attorneys of record for each party by hand/by mail.
Dated: 03/14/05   /s/ Stanley W. Wheatley

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10299-RGS

NEW ENGLAND
WATERPROOFING, INC.,

    Plaintiff

v.

DAVID DALESSANDRI and
CONCRETE PRESCRIPTIONS, LLC
    Defendant

**AMENDED ANSWER AND COUNTERCLAIM**

    NOW COME the Defendants, by and through their attorney, Stanley W. Wheatley, and answer Plaintiff's Amended Complaint as follows:

    The allegations contained in the introductory paragraph of the Plaintiff's Amended Complaint are denied.

### PARTIES

1. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiff's Amended Complaint and therefore deny the same and demand strict proof thereof.

2. Defendants admits the allegations contained in this Paragraph of the Plaintiff's Amended Complaint.

3. Defendants admit that Concrete Prescriptions, LLC is a limited liability company with a principal place of business at 7 Susan Road, Cape Elizabeth, Maine and admit that David Dalessandri is the sole member of Concrete Prescriptions, LLC. Defendants deny that Concrete Prescriptions, LLC is "doing business as" "Concrete RX".

### JURISDICTION AND VENUE

4. Defendants admit the allegations contained in this Paragraph of the Plaintiff's Amended Complaint.

5. Defendants admit the allegations contained in this Paragraph of the Plaintiff's Amended Complaint.

## FACTS

6. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiff's Amended Complaint and therefore deny the same and demand strict proof thereof.

7. Defendants admit that Mr. Dalessandri entered into a contract with Plaintiff, but deny that this paragraph contains a full and accurate description of the terms of the contract between Plaintiff and Defendant. The remaining allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

8. Defendants admit that Mr. Dalessandri formed a Maine limited liability company called "Seacoast Crack-X, LLC", and admit that said entity did business under the name "Seacoast Crack-X". Defendants admit that Plaintiff provided Mr. Dalessandri with some training. The remaining allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

9. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

10. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

11. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

12. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

13. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

14. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

15. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

16. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

17. There is no paragraph 17 in the Amended Complaint.

18. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

19. Defendants repeat and reaffirm their responses to Paragraphs 1 through 18 of the Complaint, with the same force and effect as if more fully set forth herein.

20. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiff's Amended Complaint and therefore deny the same and demand strict proof thereof.

21. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

22. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

23. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

## COUNT II – VIOLATION OF LANHAM ACT

24. Defendants repeat and reaffirm theirresponses to Paragraphs 1 through 23 of the Amended Complaint, with the same force and effect as if more fully set forth herein.

25. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiff's Amended Complaint and therefore deny the same and demand strict proof thereof.

26. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

27. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

## COUNT III – BREACH OF CONTRACT

28. Defendants repeat and reaffirm their responses to Paragraphs 1 through 27 of the Amended Complaint, with the same force and effect as if more fully set forth herein.

29. Defendants admit that a contract existed between Plaintiff and Defendant Dalessandri, but deny the remaining allegations contained in this Paragraph of the Plaintiff's Amended Complaint.

30. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

31. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

## COUNT IV – CONVERSION AND UNJUST ENRICHMENT

32. Defendants repeat and reaffirm their responses to Paragraphs 1 through 31 of the Complaint, with the same force and effect as if more fully set forth herein.

33. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

34. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

## COUNT V – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

35. Defendants repeat and reaffirm their responses to Paragraphs 1 through 34 of the Complaint, with the same force and effect as if more fully set forth herein.

36. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

37. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

      WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

### COUNT VI – UNAUTHORIZED USE OF TRADEMARK AND SYSTEM

38. Defendants repeat and reaffirm their responses to Paragraphs 1 through 37 of the Complaint, with the same force and effect as if more fully set forth herein.

39. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

40. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

41. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

      WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

### COUNT VII - MISREPRESENTATION

42. Defendants repeats and reaffirms its responses to Paragraphs 1 through 41 of the Complaint, with the same force and effect as if more fully set forth herein.

43. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

44. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

45. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

      WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

### COUNT VIII – MISAPPROPRIATION OF TRADE SECRETS

46. Defendants repeat and reaffirm their responses to Paragraphs 1 through 45 of the Complaint, with the same force and effect as if more fully set forth herein.

47. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

48. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

49. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

50. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

## COUNT X – INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS

51. Defendants repeats and reaffirms its responses to Paragraphs 1 through 50 of the Complaint, with the same force and effect as if more fully set forth herein.

52. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

53. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

## COUNT XI – UNFAIR AND DECEPTIVE ACTS IN VIOLATION OF M.G.L. C. 93A

54. Defendants repeat and reaffirm their responses to Paragraphs 1 through 53 of the Complaint, with the same force and effect as if more fully set forth herein.

55. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

56. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants.

2. Plaintiffs' causes of action are barred by the doctrines of waiver and estoppel.

3. Plaintiff's claims are barred by the doctrine of "unclean hands".

4. Plaintiff's breach of contract claims are barred because Plaintiff failed to perform its obligations under its contract with Defendant Dalessandri.

5. Plaintiff's claim for breach of the covenant of good faith and fair dealing fails to state a claim upon which relief may be granted.

6. Plaintiff's claim for breach of the covenant of good faith and fair dealing is barred by Plaintiff's failure to perform its own obligations under such contract.

7. Plaintiff's claims for trademark infringement, Lanham Act violations, unauthorized use of trademark and system, misappropriation of trade secrets, and state trademark dilution claims are barred by the fact that Plaintiff gave Defendant Dalessandri express written permission and/or a license to use the "Crack-X" name and mark.

8. Plaintiff's claim for misappropriation of trade secrets is barred because the information which Defendants allegedly misappropriated was not secret, and is a matter of general knowledge in the concrete and concrete repair industry, and because Plaintiff failed to take any reasonable steps to preserve the secrecy of any such information.

9. Plaintiff's claims are barred by the fact that Defendant Dalessandri was never an employee of Plaintiff.

10. Neither Defendant is liable for the acts or omissions of Seacoast Crack-X, LLC.

11. Plaintiff's alleged contract was illegal and its claims thereunder are unenforceable as against public policy.

## COUNTERCLAIMS

### COUNT I – BREACH OF CONTRACT

1. Counterclaim Plaintiff David Dalessandri ("Dalessandri") is an individual residing in Cape Elizabeth, Maine. During the time relevant to this counterclaim, Dalessandri was engaged in trade or commerce in Massachusetts.

2. Counterclaim Defendant New England Waterproofing, Inc. ("NEWI") is a Massachusetts corporation with a principal place of business in Natick, Massachusetts. NEWI is engaged in trade or commerce in Massachusetts.

3. Dalessandri and NEWI entered into a contract whereby NEWI was to provide training, technical support, advertising and other goods and services, in exchange for a percentage of the revenues derived by Dalessandri in the operation of a business performing concrete repairs.

4. Dalessandri has substantially performed his obligations under his contract with NEWI.

5. NEWI has failed and refused to perform its obligations under its contract with Dalessandri.

6. As the direct and proximate result of NEWI's breaches of its contract with Dalessandri, Dalessandri has sustained damages.

WHEREFORE, Counterclaim Plaintiff David Dalessandri demands judgment against NEWI ordering NEWI to pay damages to David Dalessandri in an amount to be determined by the Court, together with costs and pre-judgment interest thereon, and such other or further relief as the Court may deem just or appropriate.

## COUNT II - RESTITUTION

7. Counterclaim Plaintiff Dalessandri incorporates herein the allegations set forth in Paragraphs 1 through 6 above as if fully recited herein.

8. The contract between Dalessandri and NEWI was a "franchise" relationship and NEWI was a "franchisor" as those terms are used in the Federal Trade Commission's franchise regulations, 16 C.F.R. § 436. Without limitation, the contract (a) called for Dalessandri to furnish goods and services identified by NEWI's logo, (b) required Dalessandri to meet quality standards prescribed by NEWI, (c) permitted NEWI to assert a significant degree of control over Dalessandri's business, and (d) called for NEWI to give Dalessandri a significant degree of assistance in the operation of his business.

9. In violation of the Federal Trade Commission's franchise regulations, NEWI failed to furnish Dalessandri with a disclosure statement as required by 16 C.F.R. § 436.1.

10. As a result of NEWI's violation of the Federal Trade Commission's franchise regulations, the contract between Dalessandri and NEWI was an illegal contract and is void and unenforceable on grounds of public policy.

11. Dalessandri is a member of the class of persons (franchisees) whom the Federal Trade Commission's franchise regulations are intended to protect.

12. At the time he entered into the contract with NEWI and paid a security deposit, and throughout the time that he paid royalties under the contract, Dalessandri was not aware of the Federal Trade Commission's franchise regulations or their applicability to his relationship with NEWI.

13. Dalessandri is entitled to restitution of all sums he paid under his contract with NEWI.

WHEREFORE, Counterclaim Plaintiff David Dalessandri demands judgment against NEWI ordering NEWI to pay restitution to David Dalessandri of all amounts he paid to NEWI under the above-described contract, together with costs and pre-judgment interest thereon, and such other or further relief as the Court may deem just or appropriate.

## COUNT III – UNFAIR AND DECEPTIVE TRADE PRACTICES, IN VIOLATION OF M.G.L. CH. 93A

14. Counterclaim Plaintiff Dalessandri incorporates herein the allegations set forth in Paragraphs 1 through 13 above as if fully recited herein.

15. NEWI engaged in unfair and deceptive acts and practices in violation of M.G.L. c. 93A, § 11 in the course of its business dealings with Dalessandri. In particular, and without limitation, 16 C.M.R. § 436.1 makes NEWI's above-described violation of the Federal Trade Commission's franchise regulations a per se unfair or deceptive act or practice.

16. As the direct and proximate result of NEWI's unfair and deceptive acts and practices, Dalessandri has suffered loss of money or property including, without limitation, a security deposit and royalties paid under the illegal contract.

17. NEWI's above-described violation of M.G.L. c. 93A, § 11 was willful and knowing.

WHEREFORE, Counterclaim Plaintiff David Dalessandri demands judgment against NEWI ordering NEWI to pay treble, but not less than double, the actual damages to David Dalessandri, in light of the willfulness of NEWI's actions, plus costs and attorney's fees, and such other or further relief as the Court may deem just or appropriate.

## JURY DEMAND

Defendants demand trial by jury of all issues so triable.

DATED at Boston, Massachusetts this ____ day of _____, 2005.

                                              DAVID DALESSANDRI and
                                              CONCRETE PRESCRIPTIONS, LLC
                                              By their attorney,

                                              _____
                                              Stanley W. Wheatley
                                              BBO No. 544643
                                              33 Enterprise Street
                                              P.O. Box 1474
                                              Duxbury, MA 02332
                                              (781) 934-2750

## CERTIFICATE OF SERVICE

I, Stanley W. Wheatley, hereby certify that on _____, 2005 I caused a copy of the foregoing document to be served by first-class mail, postage prepaid, on the following:

Steven T. Sager, Esq.
Sager & Schaffer
182 Turnpike Road, Suite 250
Westborough, MA 01581

                                              _____
                                              Stanley W. Wheatley