# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

2005 MAR 14 P 3: 04

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| NEW ENGLAND WATERPROOFING, INC., | ) ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) |
| DAVID DALESSANDRI and CONCRETE PRESCRIPTIONS, LLC, | ) ) ) ) |
| Defendants | ) ) |

CIVIL ACTION NO.
04-10299-RGS

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER MODIFYING SCHEDULING ORDER AND GRANTING LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM

In this action, Plaintiff has asserted a claim for breach of a certain contract

entitled "Crack-X Sub-Contractor Agreement" and various related claims. Defendants

have asserted several affirmative defenses and also have asserted counterclaims for

breach of the contract and violation of M.G.L. c. 93A, § 11. As a result of consulting

new counsel, Defendants recently have learned (1) that the relationship created by the so-

called "Sub-Contractor Agreement" constituted a "franchise" as that term is defined in

the Federal Trade Commission ("FTC") franchise regulations, (2) that Plaintiff violated

the FTC franchise regulations by not furnishing the disclosure statement mandated by

those regulations and (3) that the FTC franchise regulations expressly state that failure to

furnish a disclosure statement is an unfair or deceptive act or practice. Accordingly,

Defendants seek to amend their Answer and Counterclaim (1) to assert one additional

affirmative defense that the "Sub-Contractor Agreement" is illegal and unenforceable as

expired, and further stated that if Dalessandri wanted to continue as a Crack-X 'subcontractor" he had to sign a new contract.

On August 18, 2003, Dalessandri informed NEWI that he would not sign the new contract. Beginning August 18, 2003, Dalessandri also started taking steps to disassociate himself from NEWI and the Crack-X brand as quickly as possible. He stopped using the Crack-X name and logo and dissolved Seacoast Crack-X. He began doing business as Concrete Prescriptions, LLC ("Prescriptions"). He started using a logo that looked nothing like the Crack-X trademark.

Although it was NEWI that terminated the Agreement, NEWI has refused to repay the $10,000 security deposit. In addition, Dalessandri paid NEWI approximately $35,000.00 in royalties during the term of the Agreement.

Throughout his dealings with NEWI, Dalessandri did not know about the existence of the FTC franchise regulations, did not know that the relationship under the Agreement might be a franchise and did not know that a franchise disclosure statement might be required. Defendants first learned of the FTC franchise regulations and their possible applicability to this case in mid-January 2005 when Dalessandri spoke by telephone with present counsel. Defendants retained present counsel on February 8, 2005.

## PROCEDURAL HISTORY

NEWI filed the Complaint (including a jury demand) on February 12, 2004. The Complaint asserted claims against Dalessandri for breach of the Agreement, trademark infringement and multiple related causes of action. Dalessandri filed his Answer and Counterclaim on April 19, 2004. Dalessandri's Answer asserted several affirmative

defenses and his Counterclaim contained counts for breach of the Agreement and violation of M.G.L. c. 93A, § 11.

The Court held a scheduling conference on June 10, 2004 and entered a Scheduling Order that required motions to amend the pleadings to be filed by July 29, 2004, required discovery to be completed by January 31, 2005 and required dispositive motions to be filed and expert disclosures to be served by February 28, 2005.

On July 29, 2004, NEWI filed a motion to amend its Complaint. In essence, the proposed Amended Complaint added Prescriptions as a defendant and deleted a count for violation of a state trademark infringement statute. Defendants assented to that motion and the Court allowed it on August 25, 2004.

On January 31, 2005, the parties filed a joint motion to modify the Scheduling Order to extend the deadlines for completion of discovery, filing dispositive motions and serving expert disclosures by ninety days. The Court allowed that motion on February 1, 2005.

On February 11, 2005, present counsel entered his appearance as attorney for Defendants and prior counsel withdrew his appearance. Also on February 11, 2005, present counsel sent NEWI's lawyer a letter enclosing a copy of an Amended Answer and Counterclaim that he proposed to file on Defendants' behalf and asking whether NEWI would assent to a motion for leave to file it. A copy of that letter is attached hereto as Exhibit "A." The proposed Amended Answer and Counterclaim added an additional affirmative defense that the Agreement is illegal and unenforceable as against public policy because NEWI violated the FTC franchise regulations by failing to furnish a franchise disclosure statement, added a new count for restitution based on NEWI's

violation of the FTC franchise regulations, and revised the existing count under M.G.L. c. 93A, § 11 to include NEWI's violation of the FTC franchise regulations. On March 3, 2005, NEWI's lawyer advised that NEWI would not assent to that motion.

ARGUMENT

I.    THE STANDARDS APPLICABLE TO THIS MOTION.

This motion is governed by a combination of three Federal Rules of Civil Procedure. Insofar as the motion seeks leave to amend the Answer to assert an additional affirmative defense, it is governed by Fed. R. Civ. P. 15(a). Under Rule 15(a), leave to amend should be "freely given when justice so requires." If the movant has at least colorable grounds for relief, justice requires allowing amendments unless the movant is guilty of undue delay or bad faith, or if permission to amend would unduly prejudice the opposing party. *Cabana v. Forcier*, 200 F.R.D. 9, 13 (D. Mass. 2001)(citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). When, as in this case, leave to amend is sought before discovery is complete and neither party has moved for summary judgment, "colorable grounds" or "futility" is gauged by reference to the liberal criteria of Fed. R. Civ. P. 12(b)(6). *Hatch v. Department of Children, Youth and their Families*, 274 F.3d 12, 19 (1st Cir. 2001). In this situation, amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory. *Id.*

Insofar as the motion seeks leave to amend the Counterclaim to add one count and expand on another, it is governed by Fed. R. Civ. P. 13(f). Under Rule 13(f):

6

> When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice so requires, the pleader may by leave of court set up the counterclaim by amendment.

Practice under Rule 13(f) closely tracks that under Rule 15(b). Rule 13(f) is interpreted liberally and amendment is freely granted in order to settle all claims in one action. *Cabana*, 200 F.R.D. at 13. When assessing excusable neglect, courts typically consider the good faith of the claimant, the extent of the delay, and the danger of prejudice to the opposing party. *Id.*

Additionally, because the Scheduling Order deadline for amendments to the pleadings has passed, this motion also is governed by Fed. R. Civ. P. 16 (b). That rule permits modification of a scheduling order by leave of the district judge upon a showing of "good cause." Good cause means that the scheduling order deadline may not reasonably be met despite the diligence of the party seeking the extension. *Cabana*, 200 F.R.D. at 14. This is a more stringent test than the "freely given" test under Rules 13(f) and 15(a). *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (1st Cir. 2004). However, it is a more liberal test than "manifest injustice" or "substantial hardship." *Cabana*, 200 F.R.D. at 14-15.

## II. THE PROPOSED AMENDMENTS ARE BASED ON COLORABLE GROUNDS.

### A. The Relationship Between NEWI and Dalessandri Was a Franchise.

The relationship between NEWI and Dalessandri was not actually a "sub-contract" relationship. NEWI did not contract with customers and then subcontract that work to Dalessandri. To the contrary, Dalessandri contracted directly with his own customers.

Instead, the relationship between NEWI and Dalessandri was a franchise

relationship. The FTC franchise regulations define the term "franchise" as follows:

> The term franchise means any continuing commercial relationship created
> by any arrangement or arrangements whereby:
>
> (1)(i)(A) a person (hereinafter 'franchisee') offers, sells, or distributes to
> any person other than a 'franchisor' (as hereinafter defined), goods,
> commodities, or services which are:
>
> (1) Identified by a trademark, service mark, trade name, advertising or
> other commercial symbol designating another person (hereinafter
> 'franchisor'); or
>
> (2) Indirectly or directly required to meet the quality standards prescribed
> by another person (hereinafter 'franchisor') where the franchisee operates
> under a name using the trademark, service mark, trade name, advertising
> or other commercial symbol designating the franchisor; and
>
> (B)(1) The franchisor exerts or has authority to exert a significant degree
> of control over the franchisee's method of operation, including but not
> limited to, the franchisee's business organization, promotional activities,
> management, marketing plan or business affairs; or
>
> (2) The franchisor gives significant assistance to the franchisee in the
> latter's method of operation, including, but not limited to, the franchisee's
> business organization, management, marketing plan, promotional
> activities, or business affairs; Provided, however, that assistance in the
> franchisee's promotional activities shall not, in the absence of other areas
> of the franchisee's method of operation, constitute significant assistance
> ... .

16 C.F.R. § 436.2 (a). Thus, the FTC franchise regulations set forth a two part test. The

first part of the test is satisfied if the franchisee provided goods or services to the public

which were identified by the franchisor's brand, or if, while operating under a name using

the franchisor's brand, the franchisee provided goods or services to the public which were

required to meet the franchisor's quality standards. The second part of the test is satisfied

if the franchisor exerted significant control or provided significant assistance.

8

inclusion in all method and material updates and improvements, [and] ongoing training to mirror that of Crack-X employees including management." NEWI also was to provide "leads and sales from the main office as available." Dalessandri was supposed to benefit from NEWI's "institutional advertising" and NEWI was supposed to match "up to 50%" of Dalessandri's own marketing expenditures during his first six months of operation (with a $5,000 cap).

  B. NEWI Violated FTC Franchise Regulations by Failing to Furnish Dalessandri With the Required Disclosure Statement.

  Because the relationship between NEWI and Dalessandri was a franchise, the FTC franchise regulations required NEWI to furnish Dalessandri with a franchise disclosure statement at the time of their first meeting and, in any event, at least ten days before Dalessandri signed the Agreement and paid the security deposit. 16 C.F.R. § 436.1 (a). The franchise disclosure statement is a highly formalized document, the required contents of which are spelled out with precision in the FTC franchise regulations. *Id.* It must contain disclosures on twenty separate topics including extensive and detailed information about the franchisor, its character and its finances, about the finances and operations of the proposed franchise, and about other franchisees. *Id.* NEWI never provided Dalessandri with the required disclosure statement.

  C. NEWI's Violation of the FTC Franchise Rule Supports an Affirmative Defense That the Agreement is Unenforceable as Against Public Policy.

  Defendants clearly have a colorable affirmative defense that the Agreement is void as against public policy.[2] Under Massachusetts law, when a contract violates or conflicts with public policy, the courts will treat it as void and will not enforce it. *T.F v.*

---

[2] Although Fed. R. Civ. P. 8 (c) does not directly address contracts that are void as against public policy, it does require that "illegality" be plead as an affirmative defense.

*B.L.*, 442 Mass. 522, 528 (2004); *see also* Restatement (Second) Contracts, § 178 (1981)(hereinafter "Restatement"). Public policy is determined primarily by looking at legislative enactments, including administrative regulations. Restatement, § 178, Comment a, § 179, Comment b; *see also T.F.*, 442 Mass. at 529. A court will not enforce a contract that the parties have been expressly or impliedly forbidden by law to make. *Nussenbaum v. Chambers & Chambers, Inc.*, 322 Mass. 419, 421-22 (1948).

In this case, the public policy against enforcement far outweighs any interest NEWI might claim in "freedom of contract." *See* Restatement, § 178 (1)(agreement unenforceable if interest in enforcement is clearly outweighed by public policy against enforcement); *see also Hastings Associates, Inc. v. Local 369 Building Fund, Inc.*, 42 Mass. App. Ct. 162, 175 (1997)(weighing of circumstances). The FTC franchise regulations manifest a strong public policy in favor of protecting potential franchisees from predation by would-be franchisors. *See* Restatement, § 178 (3)(a). In furtherance of that policy, the FTC franchise regulations explicitly forbid franchisors from entering into franchise agreements with franchisees without first furnishing a disclosure statement. Thus, there is a direct connection between NEWI's misconduct and the contract it seeks to enforce. *See* Restatement, § 178 (3)(d). NEWI's violation also was serious because NEWI did not even try to comply with the disclosure statement requirement.[3] *See* Restatement, § 178 (3)(c). Most importantly, enforcement of the Agreement against Dalessandri would defeat the public policy in question and reward NEWI for its disregard of the law. *See* Restatement, § 178 (3)(b); *see also Hastings Associates, Inc.*, 42 Mass. App. Ct. at 178 ("To permit the plaintiff to recover under its illegal arrangement would

---

[3] It may even be that NEWI's violation was deliberate. *See infra* n. 4.

reward it for its illegal conduct and would contravene public policy by elevating the plaintiff's private interests over those of the public."). This is far more important than any "forfeiture" by NEWI or any "windfall" in favor of Dalessandri, especially where Dalessandri is an innocent member of the class whom the regulations are intended to protect. *See Palazetti Import/Export, Inc. v. Morson*, 1999 WL 420403, *2 (S.D. N.Y.)(violation of disclosure requirements under federal and state franchise laws could be a full defense to claims for breach of a franchise agreement).

> D.    NEWI'S Failure to Furnish a Disclosure Statement Supports a Counterclaim for Restitution.

Defendants also have a more than colorable counterclaim for restitution of the money Dalessandri paid to NEWI under the Agreement. The Restatement recognizes that a party to an illegal contract is entitled to restitution if he was excusably ignorant of the illegality. Restatement, § 198 (a). In this case, Dalessandri had no reason to know that the Agreement created a relationship subject to the FTC franchise regulations. This is especially true where NEWI mischaracterized the relationship as a subcontractor relationship.

Moreover, regardless of his knowledge, Dalessandri is entitled to restitution because he was not *in pari delicto* with NEWI. Dalessandri "is regarded as being less in the wrong because *the public policy is intended to protect persons of the class to which he belongs* and, as a member of that protected class, he is regarded as less culpable." Restatement, § 198, Comment b (emphasis added). In this case, the disclosure statement requirement in the FTC franchise regulations clearly is intended to protect franchisees as a class and Dalessandri was a member of that class. Thus, Dalessandri is not considered equally in the wrong with NEWI and, therefore, is entitled to restitution of the monies he

paid to NEWI under the Agreement. Restatement, § 198; *see also Bailey Employment System, Inc. v. Hahn*, 545 F. Supp. 62, 73 (D. Conn. 1982)(awarding restitution based on franchisor's failure to make required disclosures).

  E.    NEWI'S Failure to Furnish a Disclosure Statement Supports a
        Counterclaim for Violation of M.G.L. c. 93A, § 11.

Defendants also have a more than colorable claim under M.G.L. c. 93A, § 11. That statute creates a private right of action on behalf of parties engaged in business who suffer loss of money or property as a result of unfair or deceptive acts or practices perpetrated by another party engaged in business. *Id.* An act or practice that is unfair or deceptive under Section 5 of the FTC Act (15 U.S.C. § 45(a)(1)) also is unfair or deceptive under c. 93A. M.G.L. c. 93A, § 2 (b). The FTC franchise regulations explicitly state that failure to furnish the required disclosure statement is an unfair or deceptive act or practice within the meaning of Section 5 of the FTC Act. 16 C.F.R. § 436.1(a). Thus, for all intents and purposes, NEWI's failure to furnish a disclosure statement was a *per se* violation of M.G.L. c. 93A, § 11. *Cf. Bailey Employment System, Inc.*, 545 F. Supp. at 73 (doubling restitution damages under Connecticut analog to c. 93A for franchisor's failure to make required disclosures).

II.    THERE IS GOOD CAUSE TO PERMIT THE PROPOSED AMENDMENTS.

There is good cause to modify the scheduling order in this case to permit Defendants to amend after the Scheduling Order deadline. The Scheduling Order deadline was July 29, 2004. As of July 29, 2004, Defendants could not reasonably meet that deadline because, in complete good faith, they simply did not know about the existence of the FTC franchise regulations, the fact that the Agreement created a franchise relationship and the fact that NEWI had violated the FTC franchise regulations

13

by failing to furnish a disclosure statement. Defendants did not learn about the applicability of the FTC franchise regulations until Dalessandri consulted with present counsel in mid-January 2005.

This lack of knowledge was not due to any lack of diligence on the part of Defendants or their prior counsel. Franchise law is a specialized area of jurisprudence that does not necessarily fall within the general knowledge of the average businessperson or even the average lawyer. Indeed, NEWI's best case is that it also failed to recognize that the FTC franchise regulations applied to this relationship.[4] Where NEWI itself mischaracterized the nature of the relationship, NEWI can hardly fault the Defendants for not immediately appreciating that the FTC franchise regulations were applicable to this case.

Moreover, the proposed amendment will not unfairly prejudice NEWI. This case is just over a year old. The Amended Complaint, which NEWI filed with Defendants' assent, was docketed just over six months ago. Discovery is still open and no depositions have been taken. No dispositive motions have been filed. No trial date has been set. Finally, it is significant that the new counterclaims are compulsory counterclaims. *Cabana*, 200 F.R.D. at 13. Because the new counterclaims arise out of the same transaction that already forms the basis of NEWI's Amended Complaint, the risk of prejudice to NEWI is negligible. *Id.*

---

[4] NEWI's lawyer has stated that NEWI's principals have prior experience as franchisors, raising a serious issue whether NEWI deliberately mischaracterized the relationship to hide the fact that the FTC franchise regulations applied. If the mischaracterization was deliberate, NEWI should be estopped from asserting the Defendants' delay in uncovering the deception as a basis for not amending the Scheduling Order.

CONCLUSION

For the above-stated reasons, Defendants respectfully request that this Court enter

an order modifying the Scheduling Order in this case and granting them leave to file the

proposed Amended Answer and Counterclaim.

DAVID DALESSANDRI and
CONCRETE PRESCRIPTIONS, LLC,
By their attorney,

Stanley W. Wheatley
BBO No. 544643
33 Enterprise Street
P.O. Box 1474
Duxbury, MA 02332
(781) 934-2750

**CERTIFICATE OF SERVICE**

I, Stanley W. Wheatley, hereby certify that on March 14, 2005 I caused a copy of
the foregoing document to be served by first-class mail, postage prepaid, on the
following:

Steven T. Sager, Esq.
Sager & Schaffer
182 Turnpike Road, Suite 250
Westborough, MA 01581

Stanley W. Wheatley

15



# STANLEY W. WHEATLEY

Attorney at Law

ONE LIBERTY SQUARE
BOSTON, MASSACHUSETTS 02109
Telephone: (617) 350-7700
Facsimile: (617) 350-0007

33 ENTERPRISE STREET
P.O. BOX 1474
DUXBURY, MASSACHUSETTS 02332
Telephone: (781) 934-2750
Facsimile: (781) 934-2752

sww@wheatlex.com

February 11, 2005

Steven T. Sager, Esquire
Sager & Sager LLP
182 Turnpike Road, Suite 250
Westborough, MA 01581

> Re:    New England Waterproofing, Inc. v. Dalessandri, et al.
> United States District Court, District of Massachusetts
> No. 04-cv-10299-RGS

Dear Mr. Sager:

I am entering my appearance as lawyer for the defendants in the above-referenced action.

I am planning to file a motion for leave to file an amended answer and counterclaim (1) to add an affirmative defense that NEWI's subcontractor agreement is unenforceable as contrary to public policy because NEWI is in violation of federal franchise regulations, (2) to add a counterclaim for restitution based on NEWI's violation of federal franchise regulations, and (3) to amend the existing counterclaim under M.G.L. c. 93A, § 11 to include NEWI's violation of federal franchise regulations. A copy of the proposed amended pleading is enclosed.

Please advise whether you will assent to such a motion or, alternatively, contact me so that we may have the pre-filing conference required under Local Rule 7.1(A)(2).

Thank you for your consideration.

Very truly yours,

Stanley W. Wheatley

Enclosure

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10299-RGS

NEW ENGLAND                        )
WATERPROOFING, INC.,               )
                                   )
            Plaintiff              )
                                   )
v.                                 )            **AMENDED ANSWER AND**
                                   )            **COUNTERCLAIM**
DAVID DALESSANDRI and              )
CONCRETE PRESCRIPTIONS, LLC        )
            Defendant              )
                                   )
                                   )

NOW COME the Defendants, by and through their attorney, Stanley W. Wheatley, and answer Plaintiff's Amended Complaint as follows:

The allegations contained in the introductory paragraph of the Plaintiff's Amended Complaint are denied.

**PARTIES**

1.    Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiff's Amended Complaint and therefore deny the same and demand strict proof thereof.

2.    Defendants admits the allegations contained in this Paragraph of the Plaintiff's Amended Complaint.

3.    Defendants admit that Concrete Prescriptions, LLC is a limited liability company with a principal place of business at 7 Susan Road, Cape Elizabeth, Maine and admit that David Dalessandri is the sole member of Concrete Prescriptions, LLC. Defendants deny that Concrete Prescriptions, LLC is "doing business as" "Concrete RX".

**JURISDICTION AND VENUE**

4.    Defendants admit the allegations contained in this Paragraph of the Plaintiff's Amended Complaint.

5.    Defendants admit the allegations contained in this Paragraph of the Plaintiff's Amended Complaint.

## FACTS

6.  Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiff's Amended Complaint and therefore deny the same and demand strict proof thereof.

7.  Defendants admit that Mr. Dalessandri entered into a contract with Plaintiff, but deny that this paragraph contains a full and accurate description of the terms of the contract between Plaintiff and Defendant. The remaining allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

8.  Defendants admit that Mr. Dalessandri formed a Maine limited liability company called "Seacoast Crack-X, LLC", and admit that said entity did business under the name "Seacoast Crack-X". Defendants admit that Plaintiff provided Mr. Dalessandri with some training. The remaining allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

9.  The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

10. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

11. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

12. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

13. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

14. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

15. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

16. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

17. There is no paragraph 17 in the Amended Complaint.

18. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

19.  Defendants repeat and reaffirm their responses to Paragraphs 1 through 18 of the Complaint, with the same force and effect as if more fully set forth herein.

20.  Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiff's Amended Complaint and therefore deny the same and demand strict proof thereof.

21.  The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

22.  The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

23.  The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

## COUNT II – VIOLATION OF LANHAM ACT

24.  Defendants repeat and reaffirm their responses to Paragraphs 1 through 23 of the Amended Complaint, with the same force and effect as if more fully set forth herein.

25.  Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiff's Amended Complaint and therefore deny the same and demand strict proof thereof.

26.  The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

27.  The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

## COUNT III – BREACH OF CONTRACT

28. Defendants repeat and reaffirm their responses to Paragraphs 1 through 27 of the Amended Complaint, with the same force and effect as if more fully set forth herein.

29. Defendants admit that a contract existed between Plaintiff and Defendant Dalessandri, but deny the remaining allegations contained in this Paragraph of the Plaintiff's Amended Complaint.

30. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

31. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

## COUNT IV – CONVERSION AND UNJUST ENRICHMENT

32. Defendants repeat and reaffirm their responses to Paragraphs 1 through 31 of the Complaint, with the same force and effect as if more fully set forth herein.

33. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

34. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

## COUNT V – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

35. Defendants repeat and reaffirm their responses to Paragraphs 1 through 34 of the Complaint, with the same force and effect as if more fully set forth herein.

36. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

37. The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

## COUNT VI – UNAUTHORIZED USE OF TRADEMARK AND SYSTEM

38.    Defendants repeat and reaffirm their responses to Paragraphs 1 through 37 of the Complaint, with the same force and effect as if more fully set forth herein.

39.    The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

40.    The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

41.    The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

## COUNT VII - MISREPRESENTATION

42.    Defendants repeats and reaffirms its responses to Paragraphs 1 through 41 of the Complaint, with the same force and effect as if more fully set forth herein.

43.    The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

44.    The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

45.    The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

## COUNT VIII – MISAPPROPRIATION OF TRADE SECRETS

46.    Defendants repeat and reaffirm their responses to Paragraphs 1 through 45 of the Complaint, with the same force and effect as if more fully set forth herein.

47.    The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

48.    The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

49.    The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

50.    The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

## COUNT X – INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS

51.    Defendants repeats and reaffirms its responses to Paragraphs 1 through 50 of the Complaint, with the same force and effect as if more fully set forth herein.

52.    The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

53.    The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

## COUNT XI – UNFAIR AND DECEPTIVE ACTS IN VIOLATION OF M.G.L. C. 93A

54.    Defendants repeat and reaffirm their responses to Paragraphs 1 through 53 of the Complaint, with the same force and effect as if more fully set forth herein.

55.    The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

56.    The allegations contained in this Paragraph of the Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with costs awarded to Defendants and for such other and further relief as may be just and proper.

## AFFIRMATIVE DEFENSES

1.   Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants.

2.   Plaintiffs' causes of action are barred by the doctrines of waiver and estoppel.

3.   Plaintiff's claims are barred by the doctrine of "unclean hands".

4.   Plaintiff's breach of contract claims are barred because Plaintiff failed to perform its obligations under its contract with Defendant Dalessandri.

5.   Plaintiff's claim for breach of the covenant of good faith and fair dealing fails to state a claim upon which relief may be granted.

6.   Plaintiff's claim for breach of the covenant of good faith and fair dealing is barred by Plaintiff's failure to perform its own obligations under such contract.

7.   Plaintiff's claims for trademark infringement, Lanham Act violations, unauthorized use of trademark and system, misappropriation of trade secrets, and state trademark dilution claims are barred by the fact that Plaintiff gave Defendant Dalessandri express written permission and/or a license to use the "Crack-X" name and mark.

8.   Plaintiff's claim for misappropriation of trade secrets is barred because the information which Defendants allegedly misappropriated was not secret, and is a matter of general knowledge in the concrete and concrete repair industry, and because Plaintiff failed to take any reasonable steps to preserve the secrecy of any such information.

9.   Plaintiff's claims are barred by the fact that Defendant Dalessandri was never an employee of Plaintiff.

10.   Neither Defendant is liable for the acts or omissions of Seacoast Crack-X, LLC.

11.   Plaintiff's alleged contract was illegal and its claims thereunder are unenforceable as against public policy.

## COUNTERCLAIMS

## COUNT I – BREACH OF CONTRACT

1.    Counterclaim Plaintiff David Dalessandri ("Dalessandri") is an individual residing in Cape Elizabeth, Maine. During the time relevant to this counterclaim, Dalessandri was engaged in trade or commerce in Massachusetts.

2.    Counterclaim Defendant New England Waterproofing, Inc. ("NEWI") is a Massachusetts corporation with a principal place of business in Natick, Massachusetts. NEWI is engaged in trade or commerce in Massachusetts.

3.    Dalessandri and NEWI entered into a contract whereby NEWI was to provide training, technical support, advertising and other goods and services, in exchange for a percentage of the revenues derived by Dalessandri in the operation of a business performing concrete repairs.

4.    Dalessandri has substantially performed his obligations under his contract with NEWI.

5.    NEWI has failed and refused to perform its obligations under its contract with Dalessandri.

6.    As the direct and proximate result of NEWI's breaches of its contract with Dalessandri, Dalessandri has sustained damages.

WHEREFORE, Counterclaim Plaintiff David Dalessandri demands judgment against NEWI ordering NEWI to pay damages to David Dalessandri in an amount to be determined by the Court, together with costs and pre-judgment interest thereon, and such other or further relief as the Court may deem just or appropriate.

## COUNT II - RESTITUTION

7.    Counterclaim Plaintiff Dalessandri incorporates herein the allegations set forth in Paragraphs 1 through 6 above as if fully recited herein.

8.    The contract between Dalessandri and NEWI was a "franchise" relationship and NEWI was a "franchisor" as those terms are used in the Federal Trade Commission's franchise regulations, 16 C.F.R. § 436. Without limitation, the contract (a) called for Dalessandri to furnish goods and services identified by NEWI's logo, (b) required Dalessandri to meet quality standards prescribed by NEWI, (c) permitted NEWI to assert a significant degree of control over Dalessandri's business, and (d) called for NEWI to give Dalessandri a significant degree of assistance in the operation of his business.

9.    In violation of the Federal Trade Commission's franchise regulations, NEWI failed to furnish Dalessandri with a disclosure statement as required by 16 C.F.R. § 436.1.

10.    As a result of NEWI's violation of the Federal Trade Commission's franchise regulations, the contract between Dalessandri and NEWI was an illegal contract and is void and unenforceable on grounds of public policy.

11.    Dalessandri is a member of the class of persons (franchisees) whom the Federal Trade Commission's franchise regulations are intended to protect.

12.    At the time he entered into the contract with NEWI and paid a security deposit, and throughout the time that he paid royalties under the contract, Dalessandri was not aware of the Federal Trade Commission's franchise regulations or their applicability to his relationship with NEWI.

13.    Dalessandri is entitled to restitution of all sums he paid under his contract with NEWI.

WHEREFORE, Counterclaim Plaintiff David Dalessandri demands judgment against NEWI ordering NEWI to pay restitution to David Dalessandri of all amounts he paid to NEWI under the above-described contract, together with costs and pre-judgment interest thereon, and such other or further relief as the Court may deem just or appropriate.

## COUNT III – UNFAIR AND DECEPTIVE TRADE PRACTICES, IN VIOLATION OF M.G.L. CH. 93A

14.    Counterclaim Plaintiff Dalessandri incorporates herein the allegations set forth in Paragraphs 1 through 13 above as if fully recited herein.

15.    NEWI engaged in unfair and deceptive acts and practices in violation of M.G.L. c. 93A, § 11 in the course of its business dealings with Dalessandri. In particular, and without limitation, 16 C.M.R. § 436.1 makes NEWI's above-described violation of the Federal Trade Commission's franchise regulations a per se unfair or deceptive act or practice.

16.    As the direct and proximate result of NEWI's unfair and deceptive acts and practices, Dalessandri has suffered loss of money or property including, without limitation, a security deposit and royalties paid under the illegal contract.

17.    NEWI's above-described violation of M.G.L. c. 93A, § 11 was willful and knowing.

WHEREFORE, Counterclaim Plaintiff David Dalessandri demands judgment against NEWI ordering NEWI to pay treble, but not less than double, the actual damages to David Dalessandri, in light of the willfulness of NEWI's actions, plus costs and attorney's fees, and such other or further relief as the Court may deem just or appropriate.

## JURY DEMAND

Defendants demand trial by jury of all issues so triable.

DATED at Boston, Massachusetts this _____ day of _____, 2005.

DAVID DALESSANDRI and
CONCRETE PRESCRIPTIONS, LLC
By their attorney,


_____
Stanley W. Wheatley
BBO No. 544643
33 Enterprise Street
P.O. Box 1474
Duxbury, MA 02332
(781) 934-2750

## CERTIFICATE OF SERVICE

I, Stanley W. Wheatley, hereby certify that on _____, 2005 I caused a copy of the foregoing document to be served by first-class mail, postage prepaid, on the following:

Steven T. Sager, Esq.
Sager & Schaffer
182 Turnpike Road, Suite 250
Westborough, MA 01581


_____
Stanley W. Wheatley

- 10 -